**MAY'S FAMILY CENTERS, INC., Plaintiff,**

v.

**GOODMAN'S, INC., Defendant.**

No. 82 A 1786.

United States District Court, N.D. Illinois, E.D.

Aug. 16, 1984.

**1164**

Bernard C. Wiczer, Daniel O. Hands, Wiczer & Associates, Ltd., Chicago, Ill., for plaintiff.

Richard G. Schultz, Richard A. Devine, Foran, Wiss & Schultz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

May's Family Centers, Inc. ("May's") sues Goodman's, Inc. ("Goodman's")[1] for breach of contract and tortious interference with the business relationship between May's and Zayre Corporation ("Zayre"). In brief,[2] May's (as lessee) sought the consent of Goodman's (as lessor) to an assignment of May's lease to Zayre. Allegedly Goodman's (in breach of its lease obligation) refused to grant its consent in the time frame May's needed, causing May's to lose Zayre as a potential assignee.

May's attorney, Bernard Wiczer ("Wiczer") of the firm of Wiczer and Associates, Ltd., conducted negotiations with Goodman's former counsel, Larry Goodman and Earl Slavitt of the firm of Katten, Muchin, Zavis, Pearl and Galler.[3] Wiczer also had some discussions with Goodman's lessor Belscot Retailers, Inc.

Goodman's has now moved to disqualify Wiczer and his firm from representing May's because Wiczer ought to be called as a witness.[4] May's resists disqualification, contending:

1. Wiczer would testify only to uncontroverted matters.

2. Goodman's has not shown its own case would be prejudiced if Wiczer remains as May's counsel.[5]

3. Disqualifying Wiczer at this point will prejudice May's prosecution of this action.[6]

Those assertions seek to bring this case within exceptions (1) and (4) of ABA Code of Professional Responsibility ("Code") DR 5–101(B), incorporated by DR 5–102:

DR 5–101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.

---

1. It is appropriate to repeat the opening footnote in this Court's earlier opinion (the "Opinion"), 571 F.Supp. 1012, 1013 n. * (N.D.Ill.1983):

   As the caption reflects, the convenient shorthand reference to each party is a possessive noun. That makes it awkward to engage in proper usage where that noun is itself employed in the possessive form (as in "May's' Complaint" or "Goodman's' motion"). With apologies to grammatical purists, for ease of expression this opinion will cheat a bit by simply referring, for example, to "May's Complaint" and "Goodman's motion."

2. For a more detailed factual account, see the Opinion, 571 F.Supp. at 1013–15.

3. That firm withdrew as Goodman's counsel in November 1983.

4. Because of the universality of that principle and its exceptions, this Court need not decide the choice-of-law question as to the applicable rule of decision. Courts in this district have consistently applied the ABA Code provisions.

See e.g., *Hughes v. Paine, Webber, Jackson & Curtis, Inc.,* 565 F.Supp. 663, 666 (N.D.Ill.1983) and cases cited.

5. Goodman's has not claimed prejudice to its own case as a basis for disqualification. May's thus attacks a straw man on this point.

6. May's also complains it has been sandbagged because Goodman's knew of the asserted basis for disqualification (Wiczer being the first person deposed) and sat in silence while Wiczer and his firm continued to handle the extensive discovery since then. Goodman's retorts it had assumed Wiczer's co-counsel from out of state would try the case, and only recently did it become clear Wiczer would do so. This Court of course decries the use of disqualification motions as a purely tactical maneuver, but it is not at all certain that was the case here. Moreover there is respectable authority to the effect that the courts' responsibility to protect the public interest overrides such equitable considerations. See, e.g., *Emle Industries, Inc. v. Glen Raven Mills, Inc.,* 478 F.2d 562, 574 (2d Cir.1973).

(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

DR 5–102  Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

What of the first of those exceptions, DR 5–101(B)(1)? It has already been said that Wiczer conducted negotiations with Goodman's former counsel. If the facts to which Wiczer would testify in that respect were truly "uncontroverted," Goodman's former counsel could presumably testify

and there would be no need for Wiczer to testify at all. But May's is unwilling to leave it at that (May's June 15, 1984 Mem. 3–4). Under those circumstances there is at least a substantial doubt that Wiczer will in fact be testifying to "uncontroverted" matters.[7]

If not, Wiczer must bring himself within the second exception, DR 5–101(B)(4). On that score he advances several hardships to May's if Wiczer's firm were forced to withdraw:

1.  delay in the proceedings;

2.  payment for duplicate effort;

3.  new counsel's not having viewed deponents during discovery; and

4.  May's possible inability to find substitute counsel, for its current cash flow does not allow prompt payment of bills (May's is in bankruptcy).[8]

If "substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case" equated with delay and expense incurred in bringing new counsel into the case, the exception would swallow up the rule. *Teleprompter of Erie, Inc. v. City of Erie*, 573 F.Supp. 963, 966 (W.D.Pa.1983) quoting *MacArthur v. Bank of New York*, 524 F.Supp. 1205, 1210 (S.D.N.Y.1981). Courts that have considered the question have not found "distinctive value" in a long standing relationship with the client, involvement with the litigation from its inception or financial hardship to the client. *General Mill Supply Co. v. SCA Services, Inc.*, 505 F.Supp. 1093, 1098–1100 (E.D. Mich.1981), *aff'd*, 697 F.2d 704, 713 (6th Cir.1982); *United States ex rel. Sheldon Electric Co. v. Blackhawk Heating & Plumbing Co.*, 423 F.Supp. 486, 490 (S.D. N.Y.1976).

---

7.  Of course this is not a *holding* to that effect, for by its very nature the question is one that can be answered only by May's and its counsel in light of all the facts and their contemplated trial strategy. In that sense the issue of disqualification (in the language of DR 5–101(B), whether "it is obvious that [Wiczer] ought to be

called as a witness on behalf of [May's]") is within May's control and need not be finally resolved now.

8.  This last item is wholly speculative and cannot support a current finding of "substantial hardship."

Plainly May's reasons do not meet the "substantial hardship" or "distinctive value" tests. This is not a complicated case. May's counsel should have known from the outset that what happened in the negotiations between Goodman's and May's would be the core of May's claim. And of course Wiczer can assist in bringing new counsel up to speed on the current posture of the case, minimizing the hardship to May's. In sum, if Wiczer is in fact going to testify to controverted matters, he and his firm should be disqualified.

*Conclusion*

Disqualification is not mandated now (see n. 7). If it is hereafter determined Wiczer ought to testify at trial to any controverted matter, he and his firm are disqualified from representing May's in this action. If however Wiczer will be testifying to truly uncontroverted matters, or if it later becomes clear he need not testify at all, then he and his firm are not disqualified. In the interim there is no reason they cannot continue in the case to deal with the summary judgment motion now in the briefing stage.