**In re Antonio L. CORDOVA–GONZALEZ, Appellant.**

**In re Antonio L. CORDOVA–GONZALEZ, Petitioner.**

Nos. 92–1756, 92–8038.

United States Court of Appeals, First Circuit.

Submitted March 2, 1993.

Decided June 30, 1993.

Antonio Cordova–Gonzalez, on brief pro se.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

PER CURIAM.

Antonio Cordova Gonzalez was disbarred by the United States District Court for the District of Puerto Rico. Cordova appealed that decision. This court ordered Cordova to show cause why we should not disbar him as well. The matters were consolidated. We now affirm the district court's order, and disbar Cordova from practice before this court.

## I

Cordova does not seriously dispute the facts as found by Magistrate Arenas, the committee of lawyers appointed by Judge Laffitte, and the district court. We agree with the committee that, with respect to the first charge, involving the provision of bail on behalf of Cordova's client Irma Cruz Vazquez, Cordova may not "technically" have violated D.P.R. Local Rule 401.1(C)(3). The rule prohibits a lawyer from standing bail for his client, but in this case it appears that Cordova's wife actually posted the bond, and it was never conclusively determined that Cordova owned or had an interest in the property that his wife put up to secure Cruz' release. This technicality, however, does not absolve Cordova of all culpability in the matter: the committee found that Cordova's wife posted bail "under his auspices and with his express concurrence," and did so by pledging

property that was subject to the jurisdiction of the United States Bankruptcy Court in bankruptcy proceedings that involved both Mr. and Mrs. Cordova. Cordova therefore connived at an effort to deceive the district court by obtaining Cruz's release through the pledge of property that was not the pledgor's to give, and thus violated ABA Model Rule 8.4(d) by engaging in conduct that is prejudicial to the administration of justice.[1]

With respect to the second charge, we agree with the district court that Cordova violated ABA Model Rule 1.8(a) when he borrowed $100,000 from his client Jose Lopez–Nieves. Rule 1.8(a) prohibits a lawyer from entering into a business transaction with a client unless, among other things, the terms of the transaction are fair and reasonable and "are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client." Cordova borrowed money from Lopez–Nieves without disclosing to his client (a) that he did not own the property pledged as collateral, (b) that his wife—who did own the collateral—and he were involved in bankruptcy proceedings, and (c) that the collateral was subject to the jurisdiction of the bankruptcy court, which had not approved the pledge.

As to the third charge, that Cordova filed pleadings containing vitriolic slurs on judges and lawyers that were "degrading to the law, the bar and the Court," we will not repeat Cordova's invective here. We do find the record adequate legally to support the. district court's conclusion that the pleadings Cordova submitted "show an incessant incorporation of abusive and disrespectful language against judges and opposing counsel, replete with offensive and vituperative statements in contravention of Rules 3.5(c) and 8.4(d) of the Model Rules of Professional Conduct."

## II

■ We review the district court's decision to disbar Cordova only for abuse of discretion, *In re Grievance Committee of*

---

1. The American Bar Association Model Rules of Professional Conduct govern the conduct of law- yers who practice before the United States District Court in Puerto Rico. Local Rule 211.4(B).

*United States District Court,* 847 F.2d 57, 61 (2d Cir.1988); *In re Evans,* 801 F.2d 703, 706 (4th Cir.1986); *In re Olkon,* 795 F.2d 1379, 1381 (8th Cir.1986); *Standing Committee on Discipline v. Ross,* 735 F.2d 1168, 1172 (9th Cir.1984), and we find none here. Cordova is a lawyer of some thirty years experience, and no stranger to disciplinary proceedings. *See In re Cordova Gonzalez,* 726 F.2d 16 (1st Cir.1984); *In re Antonio Cordova Gonzalez,* 90 J.T.S. 28 (P.R.1990). His dealings with his client Lopez–Nieves show a lack of consideration for the duty of trust between lawyer and client that finds expression in Model Rule 1.8(a). Standing alone, such a transgression would warrant significant punishment. *See, e.g., People v. Bennett,* 843 P.2d 1385, 1387 (Colo.1993) (lawyer disbarred for borrowing from clients); *Lipson v. State Bar,* 53 Cal.3d 1010, 281 Cal.Rptr. 775, 810 P.2d 1007 (1991) (lawyer suspended). Here Cordova's misconduct toward his client comes accompanied by his misconduct in the Cruz case and his verbal attacks upon opposing counsel and the court. Cordova had been warned on at least two occasions, by two different courts, that further intemperate accusations would expose him to disciplinary action. He continued to make vitriolic and, as far as the record shows, unfounded personal assaults. Attorneys have on a number of occasions been disbarred for such conduct. *See, e.g., In re Evans,* 801 F.2d at 706; *In re Whiteside,* 386 F.2d 805 (2d Cir.1967); *see generally,* ABA/BNA Lawyers' Manual on Professional Conduct at 101:609 and cases cited therein. We therefore conclude that, in this case, the punishment is not out of proportion to the offense.

### III

█ We reject Cordova's claim that he was denied due process during the investigation and resolution of the charges against him. Although attorney discipline proceedings have been called "quasi-criminal," *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968), the due process rights of an attorney in a disciplinary pro-

ceeding "do not extend so far as to guarantee the full panoply of rights afforded to an accused in a criminal case." *Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1435 (10th Cir.1984) (quoting *People v. Harfmann,* 638 P.2d 745, 747 (Col.1981)). *See also Rosenthal v. Justices of Supreme Court,* 910 F.2d 561, 564 (9th Cir.1990); *In re Daley,* 549 F.2d 469, 476 (7th Cir.1977) and cases cited at footnote 6; *Fitzsimmons v. State Bar of California,* 34 Cal.3d 327, 193 Cal. Rptr. 896, 899–900, 667 P.2d 700, 703–04 (1983). Rather, an attorney facing discipline "is entitled to procedural due process, including notice and an opportunity to be heard." *Rosenthal v. Justices of Supreme Court,* 910 F.2d at 564. *See also Lowe v. Scott,* 959 F.2d 323, 335 (1st Cir.1992) (due process in proceeding to revoke physician's license requires notice of the charges and an opportunity to be heard). The record shows that Cordova received notice of the charges against him, and had an opportunity to respond to those charges, at every stage of the proceedings.

We also reject Cordova's claim that two of the district court judges who took part in the decision to disbar him should have refrained from participation. At various times, Cordova filed six motions to disqualify Judges Laffitte or Perez–Gimenez.[2] However, his subjective impressions of bias or prejudice, no matter how vehemently expressed, find so little, and such weak, objective corroboration in the record that we see no reason to deem the judges' decision to take part in the disciplinary proceedings an abuse of discretion. *See Blizard v. Frechette,* 601 F.2d 1217, 1220–21 (1st Cir.1979).

### IV

█ Under Fed.R.App.P. 46(b), when "it is shown to [a court of appeals] that any member of its bar has been suspended or disbarred from practice in any other court of record . . ., the member will be subject to suspension or disbarment by the court [of appeals]." "[T]he record of prior disciplinary proceedings in district court are of substantial relevance in determining whether an at-

---

**2.** Several of the motions also sought the disqualification of Judge Fuste, who recused himself and did not sign the opinion that disbarred Cordova.

torney should be disbarred from practice be-fore" a court of appeals. *In re Evans*, 834 F.2d 90, 91 (4th Cir.1987). Cordova has nei-ther disproved the charges against him, nor explained, as Rule 46(b) requires, why we should not impose the same sanction as the district court. Cordova's misconduct in his dealings with Lopez–Nieves and Cruz, and his flagrant, repeated disrespect for the tri-bunals before which he has practiced, war-rant his disbarment.

The decision of the district court is *af-firmed.* Cordova is *disbarred* from practice before this court.