Harry D. WEEKS, Plaintiff,

v.

SAMSUNG HEAVY INDUSTRIES CO., LTD., Samsung America, Inc., an Illinois corporation, Samsung Shipbuilding & Heavy Industries Co., Ltd., Samsung Construction Equipment Co., an Illinois corporation and Unknown Owner or Owners, Defendants.

No. 93 C 4899.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 3, 1996.

Michael L. Flynn, Flynn Cosentino, Ltd., Lisle, IL, Torquil R. Olson, Torquil R. Olson, P.C., Hinsdale, IL, for Harry D. Weeks.

Peter J. Mone, Andrew John Boling, Nam H. Paik, William Lynch Schaller, Baker & McKenzie, Chicago, IL, for Samsung Heavy Industries Co., Ltd., Samsung Construction Equipment Co.

Andrew John Boling, Nam H. Paik, William Lynch Schaller, Baker & McKenzie, Chicago, IL, for Samsung America, Inc., Samsung Shipbuilding & Heavy Industries Co., Ltd.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, Harry D. Weeks, has brought this lawsuit against the defendants, Samsung Heavy Industries Co., Ltd., Samsung America, Inc., Samsung Shipbuilding & Heavy Industries Co., Ltd., and Samsung Construction Equipment Co. ("Defendants" or "Samsung"), under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and Illinois common law based in part on Samsung allegedly demoting him in January, 1992 from the position of North American Sales Manager. Mr. Weeks has filed a motion to disqualify Mr. Nam Hung Paik, one of the defendants' attorneys, from this litigation.

■ Disqualification is a drastic measure that courts should impose only when absolutely necessary. *Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir.1993) (citations omitted). Mr. Weeks, as the movant, has the burden of showing facts requiring disqualification. *Lanigan v. Resolution Trust Corporation,* No. 91 C 7216, 1992 WL 350688, *1 (N.D.Ill. Nov. 23, 1992). Mr. Weeks' motion will be denied.

In his motion, Mr. Weeks claims that he recently was put on notice that the defendants deny that he was in fact demoted. Mr. Weeks asserts that while he was employed by the defendants, he worked closely with Mr. Paik and intends to call Mr. Paik as a witness at trial to testify "regarding his working relationship with the Plaintiff [which] will address the issue of whether the Plaintiff was demoted." Pl.'s Memo., p. 5.

Mr. Weeks argues that, consequently, I should disqualify Mr. Paik.

Mr. Weeks relies on Illinois Rule of Professional Conduct 3.7, which is also Rule 3.7 of the Rules of Professional Conduct for the Northern District of Illinois. Paragraph (a) of Rule 3.7 states that

[a] lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client [except in the following four enumerated circumstances].

Because paragraph (a) pertains to situations in which a lawyer may be called to testify on behalf of his client, and Mr. Weeks does not argue that he presently is Mr. Paik's client, paragraph (a) is not applicable. Paragraph (b) provides that

[i]f a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may accept or continue the representation until the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.

Under paragraph (b), Mr. Paik would not be obligated to disqualify himself until he "knows or reasonably should know" that his testimony would prejudice Samsung. Mr. Weeks' brief and exhibits do not show that in the event Mr. Paik testifies for Mr. Weeks, Mr. Paik's testimony would prejudice the defendants. Mr. Weeks' bald assertion in his brief that he "anticipates that [Mr. Paik's] testimony will be prejudicial to the Defendants," which is unsupported by either an affidavit or evidence, is insufficient to carry his burden to show facts necessitating disqualification of Mr. Paik. *See Lanigan v. Resolution Trust Corporation, supra,* 1992 WL 350688 at *4.

Mr. Weeks cites to cases applying Disciplinary Rules ("DR") 5–101(B) and 5–102 of the ABA Code of Professional Responsibility to situations in which lawyers testified for their own clients. *See Rybicki v. State Board of Elections of the State of Illinois,*

584 F.Supp. 849, 859–861 (N.D.Ill.1984); *Shakman v. Democratic Organization of Cook County*, 634 F.Supp. 895, 900–901 (N.D.Ill.1986). DR 5–101(B) bars a lawyer from accepting employment in litigation if he knows that he "ought to be called as a witness" except under the circumstances specified in DR 5–101(B)(1) through (4) (which are practically identical to those listed in Rule 3.7(A)(1)–(4)). DR 5–102(A) requires a lawyer who in the course of litigation learns that he "ought to be called as a witness on behalf of his client" to withdraw unless a situation listed in DR 5–101(B)(1) through (4) is present. However, DR 5–102(B) provides that a lawyer who during litigation realizes that he may be called as a witness other than for his client may continue the representation until it is obvious that his testimony will prejudice his client. Thus, it is apparent that at least in this case, the restrictions in Rule 3.7 on the one hand and DR 5–101(B) and DR 5–102 on the other hand regarding an attorney acting as a witness are the same. Accordingly, neither the Disciplinary Rules of the ABA Code of Professional Responsibility nor the cases to which Mr. Weeks cites alter my analysis under Rule 3.7.

■ Mr. Weeks seems to additionally argue that I should disqualify Mr. Paik because Mr. Weeks once had an attorney-client relationship with Mr. Paik. *See Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266–67 (7th Cir.1983) ("[A] lawyer may not represent an adversary of his former client if the subject matter of the two representations is 'substantially related.'") In response, the defendants contend that Mr. Weeks relies on an improper affidavit, and state that there never was an attorney-client relationship between Messrs. Weeks and Paik. It is unnecessary to resolve these issues because Mr. Weeks has waived his right to request that I disqualify Mr. Paik.

■ "A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." *Kafka v. Truck Insurance Exchange*, 19 F.3d 383, 386 (7th Cir.1994) (citation omitted); *Central Milk Producers Cooperative v. Sentry Food Stores, Inc.*, 573 F.2d 988, 992 (8th Cir.1978). Mr. Weeks has

known of Mr. Paik's involvement in this lawsuit at least since September 13, 1993 when Mr. Paik filed his appearance for the defendants and Rule 39 affidavit. Pl.'s Ex. D. As of that date, Mr. Weeks and his attorney have dealt with Mr. Paik as opposing counsel in this litigation. Also, Mr. Weeks has been on notice for some time that Samsung conferred with Mr. Paik about Mr. Weeks: the defendants' privilege log, which was produced in June, 1994, at a minimum indicates that Mr. Paik provided information about Mr. Weeks to the defendants. Defs.' Ex. 13; Pl.'s Ex. B.

Moreover, the evidence presented does not support Mr. Weeks' argument that he only recently became aware that the defendants do not consider the changes to his job a demotion. In its April, 1992 position statement to the EEOC, Samsung denies that Mr. Weeks was demoted. Defs.' Ex. 2, p. 5. In addition, a March, 1992 memorandum from Samsung to Mr. Weeks declares:

> Given [Samsung's] ambition to make substantial inroads in the North American market, the recognition that this objective could not be accomplished by you alone *should not be viewed as a demotion* or as a material reduction in your responsibilities.

Defs.' Ex. 29 (emphasis added).

Mr. Weeks objected to Mr. Paik's representation of the defendants for the first time on September 29, 1995, two years after Mr. Paik filed his appearance, when Mr. Flynn sent the defendants' attorneys (Messrs. Boling, Schaller, and Paik) a letter enclosing the motion to disqualify as part of a response to their letter to Mr. Flynn suggesting that he consider voluntarily dismissing this case under Rule 11. Defs.' App. Ex. 4, 6. Mr. Weeks filed his motion on October 4, 1995. It is noteworthy that Mr. Weeks was represented by counsel during the entire two-year delay and easily could have moved to disqualify Mr. Paik earlier. Mr. Weeks' procrastination in seeking disqualification years after knowing that Mr. Paik represents Samsung and that Samsung denies that he was demoted constitutes not "reasonable promptness" but rather undue delay. *See Alexander v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1115 (D.N.J.1993).

Disqualifying Mr. Paik would deprive the defendants of a lawyer with substantial knowledge of and involvement in this case and require a substitute attorney to perform work that most likely would duplicate Mr. Paik's. If Mr. Paik is barred from representing Samsung, then Samsung will not receive its full value for the money spent in attorneys' fees for Mr. Paik's legal services and will be obligated to pay the substitute attorney for his or her repetitive work. Thus, an order disqualifying Mr. Paik from this lawsuit at this stage of the litigation would unfairly prejudice the defendants. *See Chemical Waste Management, Inc. v. Sims,* 875 F.Supp. 501, 505 (N.D.Ill.1995). Accordingly, by delaying twenty-four months before seeking to disqualify Mr. Paik, Mr. Weeks has impliedly waived any right to bar Mr. Paik from litigating this case on behalf of the defendants. *See id.*

### Conclusion

For the reasons set forth above, Mr. Weeks' motion to disqualify attorney Nam H. Paik is denied.