STANDARD QUIMICA DE
VENEZUELA, C.A., et
al., Plaintiffs,

v.

CENTRAL HISPANO INTERNATIONAL,
INC. and Banco Central Hispano De
Puerto Rico, Defendants.

Civ. No. 96–2548 (DRD).

United States District Court,
D. Puerto Rico.

March 27, 1998.

Edward M. Borges, O'Neill & Borges, Hato Rey, PR, for Plaintiffs.

Rafael Escalera–Rodriguez, Lasa, Escalera & Reichard, San Juan, PR, for Plaintiffs.

Noel Gonzalez–Miranda, Gonzalez & Cestero, San Juan, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is Plaintiffs' Motion Requesting an Order for Disqualification. (Docket No. 22.) In their motion, Plaintiffs contend that Defendants' attorney, Noel S. González–Miranda ("González"), is likely to be a necessary witness at trial and, therefore, that the court should disqualify him. In essence, Plaintiffs argue that González drafted and negotiated the agreement object of the instant suit. They further argue that González certified the agreement's assignment, as he was the Secretary of Co-defendant's Board of Directors. For the reasons discussed below, the court denies the motion as premature.

### I

■ Clearly, "the conduct of lawyers who practice before the United States District Court in Puerto Rico" is governed by the American Bar Association Model Rules of Professional Conduct ("Model Rules"). *In re Antonio L. Cordova–Gonzalez*, 996 F.2d 1334, 1335 n. 5 (1st Cir.1993). Pursuant to Local Rule 211.4(b) of the U.S. District Court of Puerto Rico, "[a]cts or omissions by an attorney admitted to practice before this Court, individually or in concert with any other person or persons, which violate the rules of professional responsibility adopted by the Court and attached hereto (Model Rules of Professional Conduct adopted by the American Bar Association on August 2, 1983), shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship or in the course of judicial proceedings."

The August 11, 1993 amendment to Model Rule 8.5 provides that, if the conduct in question occurred "in connection with a proceeding in a court before which a lawyer has been admitted to practice (either generally or for purposes of that proceeding), [then] the rules to be applied shall be the rules of the jurisdiction in which the court sits." The court treats the federal district of Puerto Rico as a "jurisdiction" for purposes of Model

Rule 8.5 since, otherwise, the substantive provisions of the Model Rules would never be applicable.

## II

Model Rule 3.7(a) states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

One of the strongest rationales for this lawyer-witness rule is to prevent jury confusion over the separate roles of an advocate and a witness. The comments to this rule explain:

Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.

The opposing party has proper objection where the combination of roles may prejudice that party's right in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

. . . .

Apart from these two exceptions, paragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses . . . .

In requesting the disqualification of an attorney on this basis, Model Rule 3.7(a) "places a higher standard of proof on the movant." *Weeks v. Samsung Heavy Industries Co., Ltd.,* 909 F.Supp. 582, 583 (N.D.Ill. 1996); *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.,* 866 F.Supp. 1297, 1299 (D.Col.1994); *Chapman Engineers, Inc. v. Natural Gas Sales Co., Inc.,* 766 F.Supp. 949, 958 (D.Kan.1991). "The right to be represented by counsel of choice is an important one, subject to override only upon a showing of compelling circumstances." *Id.* at 954. *See also Venable v. Keever,* 960 F.Supp. 110, 113 (N.D.Tex. 1997) (quoting that "[d]epriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration"); *Weeks,* 909 F.Supp. at 583 (stating that "[d]isqualification is a drastic measure that courts should impose only when absolutely necessary"). Further, the court may "suspend its ruling until a determination is made if another witness could testify to those same matters." *Chapman Engineers, Inc.,* 766 F.Supp. at 958.

## III

In *Host Marriott Corp. v. Fast Food Operators, Inc.,* 891 F.Supp. 1002, 1010 (D.N.J. 1995), the court acknowledged the general rule that, once counsel recognizes that opposing counsel is likely to be a necessary witness, a motion to disqualify him should be filed, since the right to move for disqualification may be waived if not timely made. On the limited record before the court, however, the court found that the likelihood that the attorney would be a necessary witness was, at best, dubious. *Id.* Thus, the court denied the motion without prejudice to being renewed if the record later supported the likelihood that the attorney would be a witness at trial. *Id.*

Similarly, in the instant case, Plaintiffs' arguments fail at this early stage of the proceedings. There is no evidence in the record from which the court could conclude that González is likely to be a necessary witness. Plaintiffs have not presented any evidence suggesting that González has knowledge of relevant facts, since the clarification of triable issues has not occurred at this time.

Moreover, even if González has knowledge of relevant facts, Plaintiffs have not present-

ed any evidence that González is the only individual with said knowledge. Plaintiffs bald assertions cannot be sufficient. *See Weeks,* 909 F.Supp. at 583. The fact that González participated in the agreement's negotiations does not by itself become sufficient to disqualify him. *See World Youth Day,* 866 F.Supp. at 1302 (disqualifying the negotiating attorney of an agreement object of the suit solely because he was the "only individual" with first-hand knowledge of many relevant and material facts); *Chapman Engineers, Inc.,* 766 F.Supp. at 958–59 (denying a motion to disqualify an attorney involved in the negotiation and drafting of numerous agreements object of the suit because his testimony would be available from another source and, thus, would be merely cumulative).

For these reasons, the determination of González's disqualification at this stage would be premature. *See In re ML–Lee Acquisition Fund II, L.P.,* 848 F.Supp. 527, 557 (D.Del.1994). If it later becomes likely that González is the only individual with relevant knowledge, Plaintiffs' renewal of their motion will be in order, but only to prevent him from acting as advocate at trial. *See Caplan v. Braverman,* 876 F.Supp. 710, 712 (E.D.Pa. 1995). *See also Chapman Engineers, Inc.,* 766 F.Supp. at 958 (stating that an attorney "who may eventually be affected by Rule 3.7(a) at trial may still participate in pretrial proceedings"). Defendants will not be able to plead the substantial hardship exception at a later date, however, because Plaintiffs have raised the issue at this time and because Defendants have already retained an attorney from another law firm to act as co-counsel. *See Caplan,* 876 F.Supp. at 712.

Wherefore, the court denies Plaintiffs' motion without prejudice.

IT IS SO ORDERED.