Christopher BOGOSIAN, Plaintiff,

v.

**BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT 200, Board Members S. Fleming, Robert E. Avis, Donald Shaner, Alan Bolds, Dawn Earl, Andrew Johnson, Marcie C. Slater, Timothy Neubert, Dr. Mary M. Curley, Denie Young, Gail Goff, Clara Gould, Katherine Greenman, and Patty Woods, Defendants.**

No. 99 C 3656.

United States District Court,
N.D. Illinois,
Eastern Division.

April 5, 2000.

Mark F. Kalina, Guerard, Kalina & Butkus, Wheaton, IL, for plaintiff.

John Alexis Relias, Anne Elizabeth Wilson, Shelli Lynn Boyer, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for defendants.

***MEMORANDUM OPINION
AND ORDER***

BUCKLO, District Judge.

First grade teacher Christopher Bogosian was accused of inappropriate conduct

towards his students at Wiesbrook Elementary School, which is administered by the Board of Education of Community School District 200 (the "Board"). Despite his vehement denial of these allegations, pressure was placed upon him to resign. Mr. Bogosian then retained an attorney. After discussions with the Board and its attorneys, Mr. Bogosian signed and mailed his resignation on a form prepared by the Board—which he previously had refused to sign, along with a letter from his attorney, Mark Kalina, to School Board attorney Justino Petrarca on October 14, 1998. This letter stated that "[a]s we agreed, the Acting Superintendent, Dr. Mary Curley, will provide a letter of recommendation in a mutually acceptable form, and any correspondence suggesting inappropriate behavior on [Mr. Bogosian's] part will be removed from his personnel file." Mr. Petrarca responded in an October 15, 1998 letter to Mr. Kalina that "[w]e had no 'agreement' to provide a letter of recommendation, remove documentation from his file, or compensate Mr. Bogosian for a simple letter of resignation." Thereafter, the Board did not provide Mr. Bogosian a letter of recommendation and did not remove materials from his personnel file, but instead publicized them in the media. Mr. Bogosian then sued the Board and the other defendants, alleging they violated state and federal law by accepting his resignation without fulfilling the terms of the attached letter from his attorney.

As the case proceeded in discovery, Mr. Bogosian's attorneys took the deposition of Lawrence J. Weiner, one of the lawyers for the Board, on December 15, 1999. The Board alleges that the questioning of Mr. Weiner revealed Mr. Bogosian's intention to place at issue conversations between Mr. Kalina and the Board attorneys. The Board therefore moves to disqualify Mark Kalina on the grounds that he will testify in this case as a party to those discus-

sions.[1] For the reasons stated below, I deny the Board's motion.

### I.

Disqualification is a "drastic measure that courts should impose only when absolutely necessary." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir.1993) (citations omitted). Motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721–22 (7th Cir.1982). Accordingly, the burden is on the moving party to show the facts warranting disqualification. *See Weeks v. Samsung Heavy Industries Co.*, 909 F.Supp. 582, 583 (N.D.Ill.1996); *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739–40 (2d Cir.1978).

### II.

The Board moves to disqualify Mr. Kalina based on the plaintiff's contention that an oral agreement was reached with Board Attorney Mr. Petrarca regarding the terms under which Mr. Bogosian would resign. The Board denies the existence of such an agreement and claims that Mr. Kalina, as the only person who can testify otherwise for Mr. Bogosian, must be disqualified.

The Board claims, first, that Mr. Kalina must be disqualified under Rule 3.7(a) of the Rules of Professional Conduct for the Northern District of Illinois, which prevents a lawyer from acting both as an advocate and as a witness on behalf of a client, and provides in relevant part that "[a] lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client."[2] However, this paragraph pertains to situations in which a lawyer may be called to testify *on behalf of* his client.

1. The Board originally moved to have Mr. Kalina and his colleagues removed, but now addresses its motion only to disqualify Mr. Kalina.

2. Typically, a witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. The rationale

Here, Mr. Bogosian states that he has no present intention to call Mr. Kalina, so it is not obvious that the Board can assert Rule 3.7(a). In general, the opposing party may only properly object where its rights in the litigation may be prejudiced, particularly when the motion is based on a notion of what another party "ought" to do in terms of choosing its witnesses for trial. *See May's Family Centers, Inc. v. Goodman's, Inc.*, 590 F.Supp. 1163, 1165 n. 7 (N.D.Ill. 1984) (only the party and its counsel can decide who its witnesses will be; thus, "whether 'it is obvious that [the attorney] ought to be called as a witness on behalf of [the party]' is within [the party's] control").

Such situations, albeit rare, do exist. For example, the Board relies heavily on *Jones v. City of Chicago*, 610 F.Supp. 350, 357 (N.D.Ill.1984), in which Judge Nordberg, upon motion by the defendant, disqualified plaintiff's counsel after concluding that his testimony was "essential" and that he "ought to testify." Similarly, the Board contends that Mr. Kalina must withdraw because he ought to testify on behalf of his client on the issue of the existence and terms of the alleged oral agreement. Mr. Bogosian responds that he is not attempting to enforce the oral agreement, just prove that Mr. Bogosian's resignation was contingent upon the Board's agreeing with the terms stated in Mr. Kalina's letter. Therefore, his testimony is not necessary because the documents speak for themselves.

Given the facts presented by the parties, I cannot conclude that Mr. Kalina's testimony is "essential." Mr. Kalina may have to testify to authenticate or lay foundation for the letters themselves, but his testimony for this purpose is permitted by the exceptions to the attorney-witness prohibition in Rule 3.7.

The Board also seeks disqualification under Rule 3.7(b), which provides that "[i]f a

behind Rule 3.7 is that combining these roles can prejudice the opposing party, confuse the jury, and may involve a conflict of interest between lawyer and client. *U.S. v. Morris,*

lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may accept or continue the representation until the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client." The Board has not stated its intent to call Mr. Kalina as a witness. More importantly, the Board has made no showing that Mr. Kalina would testify in a manner prejudicial to Mr. Bogosian at trial, and its naked assertion of prejudice, unsupported by affidavit or evidence, is insufficient to carry its burden to show facts necessitating disqualification. *See Weeks, supra* 909 F.Supp., at 584.

Because it has not demonstrated that Mr. Kalina's testimony is essential or would be prejudicial, the Board's motion to disqualify Mr. Bogosian's attorney is DENIED. If plaintiff subsequently determines that Mr. Kalina will testify to the alleged oral agreement, however, he will not be able to represent Mr. Bogosian at trial.

714 F.2d 669, 671–72 (adding that the administration of justice should both be fair and appear fair).