# United States Court of Appeals

## For the First Circuit

---

No. 04-1306

IN RE: JOSÉ R. FRANCO,

Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

José R. Franco on brief for appellant.

---

May 27, 2005

---

**Per Curiam**.  Attorney José R. Franco appeals an order from the United States District Court for the District of Puerto Rico suspending him from the practice of law before that court for a period of 18 months. Having carefully reviewed the record in this case, we vacate the suspension order and remand for further proceedings.

In 2001, a former client filed a disciplinary complaint against Franco in which she alleged that her employment discrimination case had been dismissed with prejudice because of Franco's failure to respond to defendant's motions. The client alleged that she had frequently contacted Franco's office and had been repeatedly told that her case was proceeding well.  She further alleged that two acquaintances had had similar experiences.  Upon questioning Franco subsequent to the dismissals, the three were told that he failed to respond to the motions to dismiss because someone in his office had misfiled the motions and thus he was unaware of their existence.

The matter was referred to Magistrate Judge Arenas for investigation. After taking testimony from several parties, including the complaining witnesses and Franco, the magistrate judge issued a report in which he found that disciplinary proceedings were warranted because Franco "had probably violated" several Rules of Professional Responsibility.  These rules essentially require that a lawyer act with reasonable diligence

-2-

in representing a client, as well as keep a client reasonably informed about the status of a matter. They also require that the lawyer make reasonable efforts to assure that non-lawyer assistants act in a manner compatible with the professional obligations of the lawyer.

In response, Franco complained, inter alia, that the magistrate judge had made reference to Franco's conduct in other unrelated cases without fully investigating those cases.

After considering the magistrate judge's report and "having taken judicial notice of various [unspecified] orders sanctioning respondent," the district judge issued an order for Franco to show cause why he should not be suspended for 18 months from the practice of law before the court. In response, Franco repeated his prior objections. In particular, he emphasized once again that the magistrate judge's reference to cases beyond those of the complaining witnesses was unwarranted.

After considering the response to the show cause order, the district judge suspended Franco for 18 months. The suspension was based both on the magistrate judge's preliminary report and on the court's taking judicial notice of other cases which were either dismissed for Franco's failure to prosecute or in which he was fined for failure to appear at a scheduled time. Several of the cases relied upon by the court had neither been referred nor investigated by the magistrate judge. After his

motion for reconsideration was denied, Franco appealed to this court.

This court reviews a district court decision to impose discipline for abuse of discretion. In re Cordova-Gonzalez, 996 F.2d 1334, 1335 (1st Cir. 1993). Although Franco raises several issues on appeal, we find it necessary only to address one at this time.

In its order imposing the 18-month sanction, the district court explicitly relied on its judicial notice of several cases other than those involving the complaining witnesses. Franco was neither informed that the court would rely on these cases nor was he given an opportunity to respond. Moreover, most of these had not been investigated by the magistrate judge. The district court appears, without investigation, to have concluded from the mere fact of the dismissals that Franco had failed in his ethical duty to act with reasonable diligence in representing his clients.

"[A]n attorney facing discipline is entitled to procedural due process, including notice and an opportunity to be heard." In re Cordova-Gonzalez, 996 F.2d 1334, 1335 (1st Cir. 1993) (citations omitted). In the instant case, Franco was neither given prior notice of the court's intention to rely on the majority of the cases cited in the suspension order nor was he offered an opportunity to be heard on them. Therefore, the

-4-

district court order is vacated and the case is remanded for further proceedings in accord with this judgment. On remand, the court should either reach a decision based on the record compiled during the investigation, or, if it desires to expand the scope of the investigation to include additional cases, it should refer the matter for further investigation, as well as provide Franco with prior notice of its intentions and an opportunity to be heard and to object. See United States District Court for the District of Puerto Rico, Rule 83.5(b).

So ordered.