No. 83,896

In the Matter of JOHN W. COLE, *Respondent.*
(999 P.2d 962)

Opinion filed March 10, 2000.

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with her on the formal complaint for the petitioner.

No appearance by the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against John W. Cole, of Ottawa, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent alleges violations of KRPC 8.1 (1999 Kan. Ct. R. Annot. 395), Supreme Court Rule 207 (1999 Kan. Ct. R. Annot. 223), and Supreme Court Rule 211 (1999 Kan. Ct. R. Annot. 234).

The complaint filed against respondent grew out of his representation of Cindi Mills in January 1998. Mills complained of respondent's lack of diligence, communication, and failure to expedite post-divorce child support. The investigation of Mills' complaint ultimately resulted in the filing of the formal complaint, which involved only respondent's failure to cooperate with the investigation.

Respondent failed to respond to the inquiry by the investigating attorney and failed to appear before the hearing panel of the Kansas Board for Discipline of Attorneys. The panel found, in part:

"3) The matter was docketed on February 11, 1998, and letters were sent to the complainant and the respondent. Respondent John Cole was asked to furnish a written response to the complaint within ten (10) days . . . . No response was ever received.

"4) The complaint was investigated by Emporia attorney Jay Vander Velde of the Kansas Bar Association Ethics and Grievance Committee. Mr. Vander Velde wrote to respondent John Cole on March 11, 1998, requesting a response to the complaint . . . . No response was ever received.

"5) Mr. Vander Velde made two phone calls to Mr. Cole's office and left messages for Mr. Cole. Mr. Cole did not return the phone calls.

"6) Mr. Vander Velde also wrote to complainant Cindi Mills on June 24, 1998, and July 23, 1998, requesting her to contact him. However, she did not respond to these letters.

"7) Mr. Vander Velde concluded his investigation with no response from respondent John Cole and no further input from complainant Cindi Mills."

The panel concluded that respondent violated the Kansas Rules as alleged in the formal complaint. Respondent was recently suspended by this court for a period of 1 year commencing on November 5, 1999. *In re Cole*, 268 Kan. 171, 991 P.2d 422 (1999). The panel found such prior disciplinary violation to be an aggravating factor and made no finding as to mitigating factors. The panel recommended discipline as follows:

"Because the respondent failed to cooperate in the investigation, and incidentally, until the day of the hearing, the complainant refused to cooperate in the investigation, the Panel cannot reach any conclusions as to the underlying complaint for which the original investigation was undertaken. However, the Panel is concerned with the respondent's total lack of respect for the Supreme Court Rules and the Kansas Rules of Professional Conduct which govern attorneys' licenses to practice law in Kansas. Due to the fact that respondent gave absolutely no cooperation in this matter, and due to the fact there is a prior report in Case DA 7178, this Panel recommends that the respondent be suspended for a period of two years, to run concurrently with the one year recommended by the prior Panel. The Panel further recommends that he be required to satisfy the Disciplinary Administrator with his regard to his understanding and appreciation of the Kansas Rules of Professional Conduct prior to practicing law."

Respondent filed no exceptions to the report and recommendations of the hearing panel and failed to appear before this court at the time scheduled for oral argument. The court, having carefully considered the record, concurs in the findings and conclusions of the hearing panel and finds that respondent should be disciplined by indefinite suspension from the practice of law in Kansas and that such suspension, for the purposes of Supreme Court Rule 219(e) (1999 Kan. Ct. R. Annot. 260), should be effective as of the 5th day of November, 1999.

IT IS THEREFORE ORDERED that John W. Cole be and he is hereby indefinitely suspended from the practice of law in Kansas, effective as of November 5, 1999.

IT IS FURTHER ORDERED that John W. Cole comply with Supreme Court Rule 218 (1999 Kan. Ct. R. Annot. 250), that he pay the costs of this action, and that this order be published in the official Kansas Reports.