IN THE MATTER OF GEORGE E. KERSEY. August 15, 2000. *Attorney at Law,* Disciplinary proceeding, Suspension. *Contempt.*

The respondent, George E. Kersey, appeals from an order of a single justice suspending him from the practice of law for three months and requiring him to purge an outstanding contempt order before reinstatement. We affirm.

We have reviewed the entire record before the Board of Bar Overseers (board) and the single justice. An outline of the essential facts is as follows. In May, 1991, the respondent's wife filed a complaint for divorce in the Vermont Family Court. During the course of the divorce and related proceedings, the court adjudicated the respondent in contempt on three occasions for wilful violations of court orders. On April 20, 1993, the court ordered the respondent to provide his wife with various financial records and transfer ownership of certain stock to her in order to purge the contempt. The respondent has failed to comply with this order; a warrant for his arrest was outstanding at the time of the disciplinary hearings, and remains outstanding. The panel hearing the matter recommended that the respondent be suspended for one month. The board recommended that the respondent be suspended for a three-month period which, after a hearing, the single justice affirmed.

The respondent claims that the board erred in concluding that, by repeatedly violating court orders entered in his divorce action, he violated S.J.C. Rule 3:07, Canon 1, DR Rules 1-102 (A) (5) and (6), and Canon 7, DR 7-106 (A), as appearing in 382 Mass. 787 (1981). There is no merit to this claim. By persisting in continued and wilful contempt of lawful court orders during the course of a personal divorce proceeding, the respondent clearly disregarded the rulings of a tribunal and engaged in conduct that was prejudicial to the administration of justice and adversely reflected on his fitness to practice law.

The respondent further contends that the sanction imposed by the single justice was unduly harsh. We review de novo the appropriate level of discipline; the sanction is not to be markedly disparate from what has been ordered in comparable cases. See *Matter of Doyle,* 429 Mass. 1013, 1013 (1999); *Matter of Kennedy,* 428 Mass. 156, 156 (1998). However, "[w]hile the review is de novo in the sense that no special deference is given to the single justice's determination, we, like the single justice before us, must be 'mindful that the board's recommendation is entitled to substantial deference.' " *Matter of Doyle, supra,* quoting *Matter of Tobin,* 417 Mass. 81, 88 (1994).

Applying these principles, we conclude that the three-month suspension was not markedly disparate from the results reached in similar cases. The disciplinary cases involving an attorney's contempt of court orders entered in their own divorce or related proceedings range from a private reprimand, *Private Reprimand No. PR-92-37,* 8 Mass. Att'y Discipline Rep. 334 (1992), to a one-year suspension, *Matter of Okai,* 11 Mass. Att'y Discipline Rep. 187, 188-189 (1995).

The respondent, relying on *Private Reprimand No. PR-92-37, supra,* contends that a private reprimand is the appropriate sanction. We have since recognized, however, that the appropriate discipline for "knowing violations of court orders, violations which caused injury to a party to the litigation or

interfered with a legal proceeding, is a suspension . . . in order to demonstrate to the public and the bar that substantial, repeated contempt of court . . . is serious and requires stronger discipline than a public reprimand." *Matter of Ring*, 427 Mass. 186, 192 (1998). The three-month suspension recommended by the board and imposed by the single justice, therefore, was an appropriate sanction. The length of the suspension was not markedly disparate from that imposed in similar cases. See *id.* (suspending attorney from practice of law for three months for repeatedly disobeying court orders resulting in seven separate adjudications for contempt where evidence existed that attorney was suffering from emotional trauma at time of divorce); *Matter of Okai, supra* (suspending attorney for one year after he had been adjudicated in contempt on four separate occasions for repeatedly disobeying court orders, neglecting client, and failing to segregate client advance and refund unused balance); *Matter of Hodges*, 11 Mass. Att'y Discipline Rep. 116, 118 (1995) (suspending respondent for three months after he had been adjudged in contempt on five occasions for repeated failure to pay court-ordered child support, neglected client, and failed to account for or refund to client unearned fees). Cf. *Matter of Finnerty*, 418 Mass. 821, 829-830 (1994) (suspending attorney for six months for intentionally misrepresenting his financial worth to court as several hundred thousand dollars less than amount of which he was aware). Moreover the respondent's conduct is more severe than the conduct of the attorney in *Private Reprimand No. PR-92-37, supra*. There the attorney was found in wilful contempt of a child support order, but while the disciplinary proceeding was pending, the attorney paid a substantial portion of arrears in an attempt to comply with the court order. The respondent in this case has made no such attempt to comply.[1]

The order of the single justice is affirmed.

*So ordered.*

*Terence M. Troyer*, Assistant Bar Counsel.
*George E. Kersey*, pro se.

---

[1]The respondent's contention that his case is distinguishable because he violated a Vermont and not a Massachusetts court order does not merit discussion.