**In re George E. KERSEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–1360.**

District of Columbia Court of Appeals.

Submitted June 12, 2001.
Decided June 28, 2001.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

PER CURIAM:

George E. Kersey is a member of the District of Columbia Bar and of the Bar of the Commonwealth of Massachusetts. In 1992, the Family Court of the State of Vermont found that Kersey had "willfully and contumaciously failed to comply with [the court's] Final Order and decree" in a divorce proceeding instituted by Kersey's former wife. The court held Kersey in civil contempt and imposed monetary and other sanctions. Kersey was also found to be in contempt on several later occasions during the matrimonial litigation in Vermont.

On October 20, 1999, the Supreme Judicial Court for Suffolk County, Massachusetts, suspended Kersey from practice in that jurisdiction for three months, with the condition that Kersey would not be permitted to apply for reinstatement until he had purged himself of contempt. Kersey's appeal to the full Supreme Judicial Court of Massachusetts was denied. *In re Kersey,* 432 Mass. 1020, 733 N.E.2d 545 (2000).

On October 26, 1999, this court entered an order suspending Kersey from practice in the District pursuant to D.C. Bar R. XI, § 11(d). The court directed the Board on Professional Responsibility to recommend whether reciprocal discipline should be im-

posed. On March 9, 2001, the Board issued a Report and Recommendation in which it recommended that Kersey be suspended from practice for three months. With respect to the question whether Kersey should be required to demonstrate fitness, the Board wrote:

> The record of this matter does not show whether Respondent filed the necessary affidavit and was automatically reinstated [in Massachusetts], or whether he will be required to file a petition for reinstatement in Massachusetts. *See* Mass. S.J.C. Rule 4:01 §§ 18(1)(d) & (2). If he was automatically reinstated, the appropriate identical reciprocal discipline would be a three-month suspension; if he is required to petition for reinstatement, the three-month suspension should include a fitness requirement. Bar Counsel should therefore certify to the Court, within ten days of the filing of this Board report, whether Respondent filed the necessary affidavit and was automatically reinstated in Massachusetts. If he was not, the three-month suspension recommended by the Board as reciprocal discipline should include a fitness requirement.

On March 15, 2001, in response to the Board's directive, the Office of Bar Counsel certified that Kersey had not been reinstated in Massachusetts. Bar Counsel asked the court to adopt the Board's recommendation that Kersey be suspended for three months and required to demonstrate fitness prior to reinstatement in this jurisdiction. In light of Bar Counsel's certification, which is undisputed, we treat the Board's report as recommending that a requirement of proof of fitness be imposed.

Bar Counsel has formally advised the court that she does not except to the recommendation of the Board. Kersey has not participated in the proceedings in this jurisdiction, and he likewise has not excepted to the recommendation of the Board. "The deferential standard mandated by [D.C. Bar R. XI, § 9(g) ] becomes even more deferential where, as here, the attorney has failed to contest the proposed sanction." *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995). Accordingly, Kersey is suspended from practice in the District of Columbia for a period of three months, with reinstatement conditioned upon proof of fitness to practice.

*So ordered.*[1]

---

1. We invite Mr. Kersey's attention to the provisions of D.C. Bar R. XI, § 14(g), relating to disbarred and suspended attorneys. For purposes of his eligibility for reinstatement, the suspension shall begin to run upon the filing of the affidavit required by that provision. *See In re Slosberg,* 650 A.2d 1329 (D.C.1994).