[729 NYS2d 780]

In the Matter of George E. Kersey, an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, September 10, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*George E. Kersey,* Salem, New Hampshire, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Judicial Court for the Commonwealth of Massachusetts for Suffolk County, entered September 10, 1999, the respondent was suspended from the practice of law in that State for three months, with the condition that no petition for reinstatement would be considered until the respondent purged himself of contempt in the courts of the State of Vermont. On the petitioner's motion to impose discipline upon the respondent pursuant to 22 NYCRR 691.3 based upon the disciplinary action taken against him in Massachusetts, the respondent demanded a hearing at which consideration could be given to all of his defenses. By order of this Court dated June 13, 2000, the motion was held in abeyance pending a hearing pursuant to 22 NYCRR 691.3 (d) and the matter was referred to the Honorable Anthony P. Savarese, as Special Referee, to hear and report.

This matter arises from a series of contempt orders and two arrest warrants issued by the Vermont Family Court during the respondent's divorce proceedings. One of the findings of contempt arose from the respondent's arrest and brief incarceration. The Vermont Family Court found the respondent in contempt for failing to pay a $1,000 sanction imposed for failure to comply with discovery requirements, to obey its order to disclose his income to his ex-wife, and to pay maintenance. Upon the finding of the Vermont Family Court that the respondent had the ability to pay, it ordered that he be arrested and committed to the custody of the Sheriff until he paid $4,677.68. The respondent purged himself of the contempt by paying, in full, the overdue maintenance.

The respondent was again found in contempt in April 1993 for willful and contumacious failure to comply with orders requiring him to provide certain information and documentation to the ex-wife's attorney. The respondent has not purged himself of that contempt, and an arrest warrant is outstanding.

The Massachusetts Board of Bar Overseers found that the respondent's actions constituted conduct prejudicial to the administration of justice, conduct adversely reflecting on his fitness to practice law, and disregard for the ruling of a tribunal.

Upon the recommendation of the Massachusetts Board of Bar Overseers, the Supreme Judicial Court for the Commonwealth of Massachusetts for Suffolk County (Ireland, J.),

by order entered September 10, 1999, suspended the respondent from the practice of law in that State for three months, with the condition that no petition for reinstatement would be considered until the respondent has purged himself of the contempt in Vermont. The Grievance Committee for the Second and Eleventh Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3 apprising him of his right to set forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c).

In his verified response to this notice, the respondent maintained that he was wrongly held in contempt in Vermont, where he was never admitted to practice. The respondent, a patent attorney, was acting *pro se* in his Vermont divorce proceedings. He further maintains that the order of a single Justice of the Massachusetts Supreme Judicial Court does not represent a final decision inasmuch as the respondent appealed to the full bench of the Massachusetts Supreme Judicial Court. According to the respondent, the summary compiled by the Massachusetts Board of Bar Overseers contains numerous errors. He argues that the Massachusetts decision violates the established standard of Massachusetts discipline and that any discipline imposed cannot be greater than that imposed in similar cases.

The respondent avers that he has fully complied with the outstanding Vermont order by providing copies of his 1990 tax returns, bank statements, billing and payment records, and stock transfer documents which were demanded of him. According to the respondent, the Massachusetts Board neglected to note that the contempt finding of the Vermont Family Court occurred while he was attempting to explain to the Judge that he had fully complied with the divorce decree by paying one quarter of his gross receipts in accordance therewith. If the decree were interpreted to refer to adjusted gross receipts, the respondent would have had no obligation to make any further payments. Instead, the Vermont Judge ordered the Sheriff to handcuff the respondent and escort him to the Vermont Correctional Institution where he was confined until he paid an additional $4,677.68, which he obtained after frantic telephone calls to friends.

Accordingly, the respondent asserts that the procedure in the Vermont jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not

accept the finding of the Vermont court as final, and that the imposition of discipline by this Court would be unjust. The respondent demanded a hearing at which consideration could be given to all of the enumerated defenses. The respondent submitted documents which allegedly establish his de facto compliance with the Vermont orders.

The Special Referee concluded that the respondent did not meet his burden of proof with respect to any of the three enumerated defenses. The respondent unequivocally admitted that he had notice and an opportunity to be heard in Massachusetts prior to the imposition of discipline. Upon the respondent's petition for review of the Massachusetts decision by a single Justice, the respondent was found not to have been in substantial compliance with the Vermont order. Under the circumstances, the Special Referee properly concluded that the respondent has not met his burden of proving manifest injustice or the denial of due process. The petitioner's motion to confirm the Special Referee's report is granted.

Inasmuch as the events underlying the Massachusetts discipline do not arise from the respondent's practice of law and in view of the respondent's efforts to resolve his legal problems in Vermont, the discipline imposed upon the respondent in New York is limited to a public censure.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and MCGINITY, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, George E. Kersey, is censured, based upon the discipline imposed upon him in Massachusetts.