Original
No. LD-2001-006

KERSEY'S CASE

Argued: February 13, 2002
Opinion Issued: May 6, 2002

*James L. DeHart* and *Thomas V. Trevethick*, of Concord, (*Mr. DeHart* and *Mr. Trevethick* on the brief, and *Mr. DeHart* orally), for the committee on professional conduct.

*George E. Kersey*, of Salem, by brief and orally, *pro se*.

*James E. Townsend*, of Londonderry, by brief, as *amicus curiae*.

NADEAU, J. Pursuant to New Hampshire Supreme Court Rule 37(10), the Supreme Court Committee on Professional Conduct (committee) petitioned for reciprocal discipline proceedings against the respondent, George E. Kersey. The respondent has two pending contempt orders in Vermont. Based upon these contempt orders, the respondent's license to practice law in Massachusetts was suspended, as of September 10, 1999, for three months. We ordered the committee to file a report advising whether the respondent had purged himself of contempt in the Vermont court and whether the respondent had been reinstated to the Massachusetts Bar. The committee's report indicated that the respondent had neither purged himself of the Vermont contempt order, nor been reinstated to practice law in Massachusetts.

On September 20, 2001, we suspended the respondent from the practice of law in New Hampshire for a period of three months, with the suspension to take effect thirty days from the date of the clerk's notice of the order. The respondent was ordered to refrain from accepting "any new retainer or engage as lawyer for another in any new case or legal matter of any nature after receipt of this order." The court also ordered Attorney James E. Townsend to take possession of the respondent's client files and trust accounts, inventory them, and take such action as was necessary to protect

the interests of those clients. The respondent filed a request for reconsideration of the aforementioned order, which the court denied.

Attorney Townsend contacted the respondent to arrange the transfer of the respondent's client files. On October 16, 2001, the respondent informed Attorney Townsend that he did not have any active New Hampshire clients, as his practice was confined primarily to federal courts and agencies. Attorney Townsend subsequently learned that the respondent had two cases pending before the United States District Court for the District of New Hampshire and one case before the New Hampshire Supreme Court. Despite Attorney Townsend's numerous requests for the respondent's client files, the respondent continued to disregard our September order. On November 20, 2001, we ordered the respondent to show cause why he should not be held in contempt.

On November 29, 2001, the respondent replied to our show cause order, arguing, among other things, that the matter before this court does not fall under the purview of the September order as he considers himself to be the real party in interest.

On December 19, 2001, we referred this matter to a Referee (*Manias*, J.) for a hearing and written report with specific findings of fact and rulings of law concerning whether the respondent failed to comply with this court's September order and should therefore be held in contempt of court. A hearing was scheduled for January 4, 2002, and the respondent was ordered to

> bring to the hearing all files relating to cases or matters in which he has performed work for clients since September 20, 2001, and all files relating to cases or matters in which he currently is performing work for clients. He shall also bring all files for cases pending in state or federal courts in which he has filed an appearance.

The respondent attended the January 4th hearing, but failed to bring his client files.

On January 10, 2002, the referee issued findings and recommendations, finding the respondent in contempt of both the court's September and December orders, and recommending referral to the committee for disbarment proceedings. The standard of review for findings made by a judicial referee in attorney discipline proceedings is whether a reasonable person could reach the same conclusion as the referee based upon the evidence presented at the hearing. *See Drucker's Case*, 133 N.H. 326, 329 (1990). The referee found that the respondent was in contempt of the September order because, among other things: (1) he

continued the practice of law in the State of New Hampshire; and (2) he did not allow Attorney Townsend to take possession of his client files or trust accounts. The referee also found that the respondent was in contempt of the December order because he did not bring his client files to the January 4, 2002 hearing.

It is clear from the record that the respondent violated the September order. First, the respondent continued the practice of law after the effective date of the September order. Second, the respondent did not allow Attorney Townsend to take possession of his client files, despite our repeated orders, until personally instructed to do so during this court's February 13, 2002 oral argument. The respondent makes numerous arguments to justify his noncompliance with our order, mostly concerning the underlying validity of his Massachusetts suspension. As the issue before us solely concerns whether the respondent should be held in contempt for disregarding our orders, the validity of his Massachusetts suspension is irrelevant and, therefore, will not be addressed. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

■ The respondent's suspension was to take effect beginning October 20, 2001. On October 19, 2001, he filed an appeal with this court. Because the matter concerned the awarding of attorney's fees against him personally, the respondent argues that he was the real party in interest and was entitled to appear on his own behalf. We disagree. The appeal in question was filed by the respondent in his capacity as his clients' attorney, and stemmed from a case in which the respondent was acting as his clients' attorney. Therefore, when on November 20, 2002, the respondent filed with this court two pleadings in opposition, he violated the September order.

■ Finally, the respondent violated both the September and December orders by failing to surrender his client files to Attorney Townsend. The respondent argues that the surrender of his client files was neither required by the September and December orders, nor necessary to protect the interest of his clients. Regarding the September order, the respondent's argument that he was the real party in interest in the matter before the State court has been addressed above. Setting aside the September order, the respondent's disregard for our December order was nothing short of willful and blatant. The December order required the respondent to bring "all files relating to cases or matters in which he currently is performing work for clients," and "all files for cases pending in state or federal courts in which he has filed an appearance." The specific

language of the December order belies the respondent's contention that he reasonably believed he was not required to surrender his client files. Further, whether the surrender of those files would protect the interests of his clients was not a question left to the respondent's discretion.

For these reasons, we adopt the referee's findings and hold the respondent in contempt of both the September 20, 2001 order and the December 19, 2001 order. In accordance with the recommendation of the referee, we refer the matter to the committee for disbarment proceedings, and extend the respondent's suspension from the practice of law, pending further order of this court. Finally, we assess the respondent all expenses that have been incurred to date by the committee in the investigation and prosecution of this matter.

*So ordered.*

DALIANIS and DUGGAN, JJ., concurred.