[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-2746

IN RE: GEORGE E. KERSEY,

Petitioner.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

George E. Kersey on brief pro se.

July 29, 2002

**Per Curiam**.  Attorney George E. Kersey appeals from a district court order suspending him from the practice of law for three months and requiring that he purge himself of an out-of-state contempt citation before seeking reinstatement.  The district court's sanction, coming in a reciprocal-discipline case in New Hampshire, mirrors that imposed first by the Massachusetts Supreme Judicial Court (SJC), see In re Kersey, 432 Mass. 1020 (2000) (rescript), cert. denied, 531 U.S. 1127 (2001), and more recently by several other tribunals including the New Hampshire Supreme Court, see In re Kersey, No. LD-2001-006 (2001), cert. denied, 122 S. Ct. 1206 (2002); cf. In re Kersey, 797 A.2d 864 (N.H. 2002).  We review a district court's choice of sanction for abuse of discretion.  See, e.g., In re Cordova-Gonzalez, 996 F.2d 1334, 1335 (1st Cir. 1993) (per curiam).  None being apparent, we affirm.

Kersey's principal assignment of error consists of an assault upon the SJC's decision.  He acknowledges both that he violated a 1993 order of the Vermont Family Court and that he never purged himself of the ensuing contempt citation.  Yet he contends (without supporting documentation) that he had fully complied with that order within a year of its issuance.  For this reason, Kersey asserts that the most appropriate sanction was not a three-month suspension, as the SJC determined, but rather a reprimand.  As he notes, two other courts have deemed

-2-

the latter sanction to be suitable punishment for his misconduct. See In re Kersey, 170 N.J. 409 (2002); In re Kersey, 729 N.Y.S.2d 780, 783 (N.Y. App. Div. 2001) (per curiam). Yet as a matter of Massachusetts law, Kersey's argument overlooks the SJC's conclusion that "the appropriate discipline for 'knowing violations of court orders, violations which caused injury to a party to the litigation or interfered with a legal proceeding, is a suspension.'" In re Kersey, 432 Mass. at 1020-21 (quoting In re Ring, 427 Mass. 186, 192 (1998)). Even on the arguendo assumption that Kersey did ultimately satisfy the Vermont order, therefore, the SJC's sanction was fully supportable. His related complaint--that following the SJC's approach would entail a grave injustice or would be grossly disproportionate--thus falls short. Accordingly, the district court was justified in concluding that the four exceptions enumerated in its Disciplinary Rule 3(d), as appearing in that court's Local Rule 83.5, were inapplicable.

Kersey's remaining arguments require scant comment. He invokes the doctrine of laches, noting that the New Hampshire Supreme Court allegedly learned of the contempt citation in 1994 but waited until 2001 to initiate disciplinary proceedings. It was the SJC's 2000 decision, however, that triggered that process. Nor is there any indication that the

district court knew of Kersey's status until the New Hampshire Supreme Court acted.  Kersey also points to a model rule declaring that reinstatement should be automatic for any suspension of six months or less.  That rule, however, is without binding effect here.

Affirmed.