**In re John W. COLE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1209.**

District of Columbia Court of Appeals.

Submitted Oct. 17, 2002.

Decided Nov. 7, 2002.

 

Before STEADMAN, SCHWELB, and FARRELL, Associate Judges.

PER CURIAM.

Respondent John W. Cole faces reciprocal discipline for two suspensions imposed by the Supreme Court of Kansas. In November 1999, respondent was suspended for one year for multiple ethical violations,[1] having exhibited a "lack of competence ... at every stage of the representation." *In re Cole*, 268 Kan. 171, 991 P.2d 422, 425 (1999). His reinstatement was conditioned on his passing the Multistate Professional Responsibility Examination. Another client filed a complaint against respondent alleging a lack of diligence and failure to communicate. Respondent did not file a response as directed by the Kansas disciplinary authorities and did not participate in the proceedings. In this posture, the matter proceeded only on the issue of respondent's failure to cooperate in the disciplinary investigation. Upon the grounds that respondent "gave absolutely no cooperation" and demonstrated a "total lack of respect for the

Supreme Court Rules and the Kansas Rules of Professional Conduct," and taking into account the prior discipline, the Supreme Court of Kansas indefinitely suspended respondent. *In re Cole*, 268 Kan. 828, 999 P.2d 962, 963 (2000). Respondent's indefinite suspension was imposed *nunc pro tunc* to November 5, 1999, the date of his one-year suspension.

Respondent did not report his suspensions to Bar Counsel as required by D.C. Bar R. XI, § 11(b). After learning of respondent's discipline, Bar Counsel filed with this court certified copies of the Kansas disciplinary orders. This court temporarily suspended respondent on October 1, 2001, pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board").

Noting that the rules of the Supreme Court of Kansas provide that a respondent who is indefinitely suspended is eligible for reinstatement after three years and must show clear and convincing evidence of rehabilitation before reinstatement,[2] the Board recommends a three-year suspension with a fitness requirement as reciprocal discipline. *See, e.g., In re Berg*, 694 A.2d 876, 877 n. 2 (D.C.1997). Bar Counsel has informed this Court that she takes no exception to the Board's report and recommendation. Respondent did not participate in the proceedings before the Board in any respect whatever[3]

---

1. The Supreme Court of Kansas determined that respondent undertook a matter in which he lacked competence, failed to abide by his client's wishes regarding the objectives of the representation, failed to act with diligence and promptness, failed to keep his client reasonably informed, failed to reduce a contingent fee agreement to writing, engaged in conduct adversely reflecting on his fitness to practice law, and failed to respond to requests from disciplinary authorities.

2. Kan. Sup.Ct. R. 219 (2001).

3. Absent such participation, the Board was required to do no more than "review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself." *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998). Indeed, in such circumstances, the imposition of identical discipline should be close to automatic, with minimum review by both the Board and this court.

and has not filed any opposition to the Board's report and recommendation.

■■ Because the Board's recommendation is uncontested, our scope of review is very limited. *See In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995); D.C. Bar R. XI, § 11(f). Consistent with the presumption in favor of identical or equivalent reciprocal discipline, *see In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992), we adopt the Board's recommendation. Accordingly, it is

ORDERED that John W. Cole is suspended from the practice of law in the District of Columbia for the period of three years, with any reinstatement thereafter conditioned on respondent's proof of fitness to practice law in the District of Columbia pursuant to D.C. Bar R. XI, § 16. We note that respondent has not filed the affidavit required by D.C. Bar R. XI, § 14, so we again direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. D.C. Bar R. XI, § 16(c).

*So ordered.*