## In re Robert E. MILLER, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 465792).**

### No. 05–BG–884.

District of Columbia Court of Appeals.

Submitted March 14, 2006.
Decided April 20, 2006.

---

1. Respondent admitted the violations, agreed to a thirty-day suspension, and to pay costs of $276.00.

Before SCHWELB, FARRELL, and FISHER, Associate Judges.

PER CURIAM:

In this uncontested reciprocal discipline proceeding, the Board on Professional Responsibility recommends suspension of respondent for six months, together with a requirement that he show fitness to be reinstated. The recommendation stems from identical discipline imposed by the Supreme Court of Florida based on stipulated facts which showed that respondent, made a co-trustee of an estate, had engaged in misconduct including the failure to deposit certain insurance proceeds into a segregated escrow account, and failure to insure that his co-trustee properly and prudently used trust monies for the benefit of the children of the settlor, who later died. *See, e.g.,* Rule 1.15(a), District of Columbia Rules of Professional Conduct.

Neither respondent nor Bar Counsel has taken exception to the Board's recommendation. In these circumstances, the Board's role was properly limited to reviewing the foreign proceeding "sufficiently to satisfy itself that no obvious miscarriage of justice would result from the imposition of reciprocal discipline." *In re Childress,* 811 A.2d 805, 807 (D.C.2002). When, as here, the respondent does not participate in the disciplinary proceedings, the imposition of reciprocal discipline "should be close to automatic, with minimum review by both the Board and this court." *In re Cole,* 809 A.2d 1226, 1227 n. 3 (D.C.2002) (per curiam).

Our own review of the record persuades us that no injustice or irregularity would result from adoption of the Board's recommendation. Accordingly, respon-

dent is hereby suspended from the practice of law in the District of Columbia for a period of six months, with a requirement that he prove fitness as a condition of reinstatement. The suspension is effective immediately,[*] but for purposes of reinstatement it will run from the time respondent files the affidavit required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*

---

[*] Pursuant to D.C. Bar Rule XI, § 11(d), respondent has been under interim suspension by this court pending final disposition of the reciprocal disciplinary proceedings.