In re Charles C. WRIGHT, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 329888).

Nos. 07–BG–73, 07–BG–74.

District of Columbia Court of Appeals.

Submitted May 15, 2008.

Decided June 5, 2008.

Before FARRELL and KRAMER, Associate Judges, and KING, Senior Judge.

PER CURIAM:

This disciplinary matter involves a consolidated reciprocal proceeding, pursuant to D.C. Bar R. XI, § 11, and an original proceeding arising from respondent's criminal conviction, pursuant to D.C. Bar R. XI, § 10(c). In its report and recommendation the Board on Professional Responsibility recommends that respondent be disbarred from the practice of law as identical reciprocal discipline based on the Supreme Court of Pennsylvania's order of disbarment. We accept the Board's recommendation.

In 2003, respondent pleaded guilty in criminal proceedings in Pennsylvania to two counts of third-degree felony sexual abuse of children, one count of dissemination of obscenity to minors, one count of criminal use of a communication facility, and one misdemeanor count of possessing instruments of a crime.[1] After being personally served with notice of disciplinary proceedings in the Supreme Court of Pennsylvania, but not participating in those proceedings, respondent was disbarred in the state of Pennsylvania.[2] After Bar Counsel filed with this court certified copies of both the Pennsylvania criminal conviction and the disbarment order, this court suspended respondent pending further proceedings before the Board.[3] The matters were consolidated,

---

1. The conduct leading to the conviction involved instances of sending sexually graphic digital images of children to a person respondent believed to be a fifteen-year-old female, but who was in fact an undercover detective.

2. Respondent failed to inform Bar Counsel of his disbarment as required by D.C. Bar R. XI, § 11(b), and failed to inform the court of his criminal conviction as required by D.C. Bar R. XI, § 10(a). Respondent was admitted to

the District of Columbia Bar in December 1980, but has been administratively suspended for nonpayment of Bar dues and failure to file annual registration statements since December 1996.

3. Respondent was suspended for the criminal conviction pursuant to D.C. Bar R. XI, § 10(c), and suspended based on the Pennsylvania disbarment proceeding pursuant to D.C. Bar R. XI, § 11(d). Respondent has not

and the Board now recommends that we disbar respondent as reciprocal discipline and not reach the question of whether respondent committed a crime of moral turpitude per se, thus necessitating disbarment under D.C.Code § 11–2503(a). We agree and adopt the recommended sanction.

Given the presumption in favor of imposing identical reciprocal discipline, and the fact that neither Bar Counsel nor respondent has opposed such discipline, this court has only a limited role to play. *See In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Cole,* 809 A.2d 1226, 1227 n. 3 (D.C.2002) (per curiam) (noting that where respondent did not participate in any of the proceedings, "the imposition of identical discipline should be close to automatic, with minimum review by both the Board and this court"). After reviewing the record, we agree with the Board that there was "no obvious miscarriage of justice" in the foreign proceeding, *see In re Spann,* 711 A.2d at 1265; that respondent received notice of the disciplinary proceedings in Pennsylvania; and that his conduct also constitutes misconduct within the District of Columbia. *See* District of Columbia Rules of Professional Conduct R. 8.4(b). Further, we find nothing in the record that allows us to conclude that disbarment would be inconsistent with disciplinary action imposed in this jurisdiction for similar conduct. Accordingly, it is

ORDERED that respondent Charles C. Wright, as reciprocal discipline, is hereby disbarred from the practice of law in the District of Columbia. We direct respondent's attention to the affidavit requirements of D.C. Bar R. XI, § 14(g). *See also* D.C. Bar R. XI, 16(c) (setting forth requirements for reinstatement). It is

participated in the proceedings before the

FURTHER ORDERED that the criminal conviction matter is hereby dismissed as moot.

*So ordered.*

Board, nor the proceedings before this court.