*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

06/29/2017

FILED
District of Columbia
Court of Appeals

*Julio Castillo*
Clerk of Court

**No. 17-BG-227**

IN RE: WAYNE R. HARTKE

**2016 DDN 374**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 200378**

BEFORE: Easterly, Associate Judge, and Nebeker and Reid, Senior Judges.

**O R D E R**
(FILED – June 29, 2017)

On consideration of the certified order suspending respondent from the practice of law in Virginia for three years following his stipulation to misconduct involving the failure to correct misrepresentations to bar counsel and his subsequent failure to comply with the conditions of his six-month suspension; this court's April 14, 2017, order suspending respondent pending disposition of this case and directing him to show cause why identical reciprocal discipline should not be imposed; the statement of Disciplinary Counsel recommending the substantially different sanction of a three-year suspension with a fitness requirement; and it appearing that respondent did not file a response to this court's show cause order or file the required D.C. Bar R. XI, § 14 (g) affidavit, it is

ORDERED that Wayne R. Hartke is hereby suspended from the practice of law in the District of Columbia for three years with a fitness requirement. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that the presumption of identical discipline in D.C. Bar R. XI, § 11 (c) will prevail except in "rare" cases); D.C. Bar R. XI, § 11 (c)(4), (e) (permitting this court to "impose such discipline as it deems appropriate" where the "misconduct established warrants substantially different discipline in the District of Columbia"); *see also In re Cater*, 887 A.2d 1,

6, 25 (D.C. 2005) (setting forth the standard for imposition of a fitness requirement and finding such requirement warranted where "the respondent has repeatedly evinced indifference . . . toward the disciplinary procedures by which the Bar regulates itself."). For purposes of eligibility to petition for reinstatement, the suspension will not begin to run until such time as respondent files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**