*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

09/07/2017

FILED
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

**No. 17-BG-536**

IN RE DAVID C. VENIE

**2017 DDN 45**

A Retired Member of the Bar of the
District of Columbia Court of Appeals

**Bar Reg. No. 469873**

BEFORE: Blackburne-Rigsby, Chief Judge; Glickman, Associate Judge; and Nebeker, Senior Judge.

**O R D E R**
(Filed – September 7, 2017)

On consideration of the certified order of the Supreme Court of New Mexico disbarring respondent from the practice of law in New Mexico; this court's June 9, 2017, order temporarily suspending respondent and directing him to show cause why identical reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel regarding reciprocal discipline; the statement of counsel that he consents to the imposition of reciprocal discipline; and it appearing that respondent did not file the required D.C. Bar R. XI, § 14 (g) affidavit, it is

ORDERED that David C. Venie is hereby disbarred from the practice of law in the District of Columbia. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that the presumption of identical discipline in D.C. Bar R. XI, § 11 (c) will prevail except in "rare" cases); *In re Cole*, 809 A.2d 1226, 1227 n.3 (D.C. 2002) (explaining that in unopposed reciprocal matters the "imposition of identical discipline should be close to automatic"). It is

FURTHER ORDERED that for the purposes of reinstatement the time for reinstatement will not begin to run until such time as respondent files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**