*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**No. 17-BG-567**

IN RE STEVEN E. MIRSKY

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Reg. No. 947531**

09/28/2017

FILED
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

**2017 DDN 80**

BEFORE: Beckwith, Associate Judge, and Nebeker and Steadman, Senior Judges.

**O R D E R**
(Filed – September 28, 2017)

On consideration of the certified order of the Maryland Court of Appeals indefinitely suspending respondent from the practice of law in the state of Maryland with the right to apply for reinstatement after no less than ninety days; this court's June 9, 2017, order temporarily suspending respondent in this case and directing him to show cause why functionally equivalent reciprocal discipline should not be imposed; the statement of Disciplinary Counsel regarding reciprocal discipline; it appearing that respondent did not file a response to this court's show cause order or file the required D.C. Bar R. XI, § 14 (g) affidavit; and it further appearing that respondent was previously suspended for a period of six months but, for the purpose of reinstatement, the suspension has not yet begun, *see In re Mirsky*, 860 A.2d 363 (D.C. 2004), it is

ORDERED that Steven E. Mirsky is hereby suspended from the practice of law in the District of Columbia for ninety days with reinstatement subject to a fitness requirement. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that the presumption of identical discipline in D.C. Bar R. XI, § 11 (c) will prevail except in "rare" cases); *In re Cole*, 809 A.2d 1226, 1227 n.3 (D.C. 2002) (explaining that in unopposed reciprocal matters the "imposition of identical discipline should be close to automatic"). For purposes of eligibility to petition for reinstatement, the suspension shall be served consecutively to his original suspension and neither will begin to run until such time as respondent files a D.C. Bar R. XI, § 14 (g) affidavit.

**PER CURIAM**