*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# District of Columbia
# Court of Appeals

12/21/2017

FILED
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

No. 17-BG-1083

IN RE LAURENCE F. JOHNSON

**2017 DDN 239**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Reg. No. 934398**

BEFORE: Glickman and McLeese, Associate Judges, and Steadman, Senior Judge.

**O R D E R**
(FILED – December 21, 2017)

On consideration of the certified order of the Maryland Court of Appeals indefinitely suspending respondent from the practice of law in the state of Maryland by consent with a right to seek reinstatement after ninety days; this court's October 10, 2017, order temporarily suspending respondent and directing him to show cause why functionally equivalent reciprocal discipline should not be imposed; and the statement of Disciplinary Counsel regarding reciprocal discipline; and it appearing that respondent did not file a response to this court's show cause order but did timely file the required D.C. Bar R. XI, § 14 (g) affidavit, it is

ORDERED that Laurence F. Johnson is hereby suspended from the practice of law in the District of Columbia for ninety days, *nunc pro tunc* to October 10, 2017, with reinstatement subject to a fitness requirement. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that the presumption of identical discipline in D.C. Bar R. XI, § 11 (c) will prevail except in "rare" cases); *In re Cole*, 809 A.2d 1226, 1227 n.3 (D.C. 2002) (explaining that in unopposed reciprocal matters the "imposition of identical discipline should be close to automatic"). This discipline is concurrent with the discipline imposed by this court in *In re Johnson*, 158 A.3d 913 (D.C. 2017).

**PER CURIAM**